
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10360 |
| Plaintiff-Appellee, | D.C. No.<br>2:17-cr-00188-HDM-VCF-1 |
| v. | |
| MITCHELL ANTHONY HOOKS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted April 19, 2019[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and MÁRQUEZ,[***] District Judge.

Mitchell Hooks appeals the district court's judgment sentencing him to a 32-

month prison sentence for being a felon in possession of a firearm, in violation of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1.     The district court did not err in applying a base offense level of 20 pursuant to § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines. We review de novo whether a conviction qualifies as a "controlled substance offense" under the Sentencing Guidelines,[1] *Cabantac v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013) (per curiam), but we must "uphold the district court's factual findings used to support a sentencing enhancement absent clear error." *United States v. Mattarolo*, 209 F.3d 1153, 1159 (9th Cir. 2000). There is no clear error here, because there are judicially noticeable documents in the record—*e.g.*, Hooks's state plea agreement and the charging document—on which the court could rely and which clearly establish that the possession of cocaine was an element of Hooks's state law

---

[1] Hooks does not dispute that Nevada Revised Statute § 453.337 is divisible as to controlled substance, and that the district court could therefore apply the modified categorical approach of determining whether his state law felony conviction constitutes a "controlled substance offense." *See Descamps v. United States*, 570 U.S. 254, 257 (2013).

conviction.[2] *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1191 (9th Cir. 2011) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

2.       The district court did not err in considering documents produced by a probation officer rather than a government attorney. Courts are statutorily permitted to consider a probation officer's calculations of the applicable sentencing guideline ranges,[3] and they are likewise permitted to consider judicially-reviewable documentation provided by the same probation officer in support of those calculations. *Cf. United States v. Felix*, 561 F.3d 1036, 1045 (9th Cir. 2009) (allowing review of "documents provided by the probation officer").

       **AFFIRMED.**

---

[2]Hooks argues that the "charging document" attached to the plea agreement consists exclusively of the first page of the Information. However, that page does not on its own state any charges and is incomplete without the second page of the Information—which is in the record and which states that Hooks was charged with possession of cocaine—as it ends in the middle of a sentence.

[3]*See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1342 (2016); *see also* 18 U.S.C. § 3552(a); Fed. R. Crim. P. 32(d), (g).